## G. W. MOORE v. STATE.

No. A-7834. Opinion Filed May 16, 1931.
(299 Pac. 239.)

Hendon & Hendon and Kienzle & Hickok, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pottawatomie county of manslaughter in the first degree, and he was sentenced to serve a term of six years in the state penitentiary.

Defendant was running a small restaurant near Hoover City, an oil field town, near the city of Maud. His wife worked at this restaurant, and the homicide was due

to jealousy on account of attentions paid by W. R. Stover, deceased, to defendant's wife. The fatal shooting occurred at the rear of the restaurant; deceased was shot twice. The evidence is that he was unarmed at the time. The plea of self-defense was interposed.

The principal witnesses for the state were Royal and Doyle Purdon, two boys eight years of age who lived with their parents next door to the restaurant. Defendant contends that they were not competent witnesses as not understanding the nature and obligations of an oath as required by section 589, Comp. St. 1921. Before they were admitted as witnesses, the court questioned them at some length. They evidently received just impressions and were able to relate them clearly, correctly, and truly. From this examination they appear thoroughly qualified to testify under the rule in the cases of Darneal v. State, 14 Okla. Cr. 540, 174 Pac. 290, 1 A. L. R. 638; Barker v. State, 33 Okla. Cr. 25, 242 Pac. 274, 275; Stuart v. State, 35 Okla. Cr. 103, 249 Pac. 159.

Further complaint is made that the evidence does not sustain the judgment and that the jury did not follow the instructions of the court. The contention is not tenable. The record discloses that defendant was 56 years of age, had previously been convicted in the state of Texas on a charge of murder; his wife was his second marriage; she was about 19 years of age. The evidence indicates deceased may have been guilty of some liaison with her, but at the time of the homicide he was in the rear of the restaurant attempting to hide from defendant. The defendant may have had a cause of grievance against deceased, but an aggrieved person is not permitted to take the law in his own hands and slay an offender under the circumstances here proven. Litchfield v. State, 8 Okla. Cr. 164, 126 Pac. 707, 45 L. R. A. (N. S.) 153; Steeley v. State,

17 Okla. Cr. 252, 187 Pac. 821. The jury must have been so impressed, for otherwise the evidence would warrant a much more severe penalty than that imposed. We find no material error in the record.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.